DEENA B. ROSENDAHL, ESQ. ATT ID 040181996
KAUFMAN, SEMERARO, & LEIBMAN, LLP
2 Executive Drive, Suite 530
Fort Lee, New Jersey 07024
T: 201-947-8855
F: 201-947-2402
E: jsantagata@northjerseyattorneys.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| SAMANTHA VALESKY,<br><br>          Plaintiff,<br>v.<br><br>PRIME     EFS     and     FRANK MAZZOLA ,<br><br>          Defendants. | **COMPLAINT FOR FMLA VIOLATION AND DISCRIMINATION** |

Plaintiff, Samantha Valesky by and through her attorneys, Kaufman, Semeraro & Leibman, LLP and pursuant to Fed.R.Civ.P. 8, alleges and states as follows:

## PRELIMINARY STATEMENT

1.     The Plaintiff, Samantha Valesky ("**Valesky**"), brings this action against Prime EFS ("**Defendant**") for violations of the Family and Medical Leave Act ("FMLA") 29 U.S.C. §2601, *et seq*., and New Jersey Law Against Discrimination ("LAD") N.J.S.A. 10:5-1 et seq.

2.      Defendant Prime EFS hired Plaintiff Valesky on or about November 14, 2017 as a Delivery Associate. During her tenure at Prime EFS, Plaintiff Valesky excelled in her position and on or about August 14, 2019 she was promoted to the position of Hiring Manager. Despite Plaintiff Valesky's exemplary performance, Defendants Prime EFS and Frank Mazzola interfered with Valesky's right to take FMLA leave, required she continue to perform work against medical advice, and ultimately terminated her based on her disability and/or perceived disability. As a result, Plaintiff Valesky has suffered significant monetary damages.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617, in that this is a civil action arising under the FMLA and New Jersey LAD. This court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## VENUE AND JURISDICTION

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in Bergen County which is located within the Newark Vicinage of the United States District Court for the District of New Jersey.

5.      The Court has supplemental jurisdiction over Plaintiff Valesky's state law claims because they arise from the same set of operative facts as her federal claim.

## FACTUAL BACKGROUND

6.    Plaintiff Valesky resides in Hatboro Pennsylvania, is a Citizen of the State of Pennsylvania and former employee of Defendant Prime EFS, LLC.

7.    Plaintiff Valesky was at all times herein mentioned an employee of Defendant Prime EFS, LLC as defined by the FMLA and the New Jersey Law Against Discrimination.

8.    Defendant Prime EFS is a New Jersey limited liability company with headquarters located in Hasbrouck Heights, New Jersey and maintains offices and does business in Carlstadt, New Jersey and Hasbrouck Heights, New Jersey.

9.    Defendant Prime EFS is an employer as defined by the FMLA the New Jersey Law Against Discrimination.

10.    Defendant Frank Mazzola was at all times herein mentioned the president of Defendant Prime EFS, LLC, was the person who denied and otherwise interfered with Plaintiff Valesky's rights to FMLA and was responsible for the decision to unlawfully terminate Plaintiff Valesky.

11.    Plaintiff Valesky began working for Defendant(s) on or about November 14, 2017 as a Delivery Associate.

12.    Plaintiff Valesky was promoted to the position of Dispatcher on or about August 14, 2018.

13.    Plaintiff Valesky promoted to the position of Hiring Manager in or about October, 2018.

14.     In the year prior to July 23, 2019, Plaintiff Valesky worked for Prime EFS, LLC on a full-time basis, and had worked more than 1,250 hours.

15.     Defendant Prime EFS, LLC  employs more than 50 employees within a 75-mile radius of Plaintiff Valesky's workplace.

16.     During her tenure of employment, Plaintiff Valesky's work performance met or exceeded Defendant's legitimate expectations, evidenced in part by Plaintiff's promotions and payment of a bonus and the absence of any disciplinary action or negative performance reviews ever having been issued.

17.     On or about May 13, 2019 Plaintiff notified Defendant Prime EFS, LLC of her need for spinal surgery and a medical leave of absence from work.

18.     Plaintiff Valesky specifically asked Defendant Prime EFS employees Lisa Pinto and Melanie Cervino for FMLA paperwork yet both refused to provide the requested paperwork.

19.     During the week of June 3, 2019, Plaintiff Valesky notified Defendant Mazzola of her need for spinal surgery and a medical leave of absence from work.

20.     Defendant Mazzola informed Plaintiff Valesky that she could take two (2) weeks off of work but that she did not need an FMLA leave of absence.

21.     Defendants failed to inform Plaintiff Valesky that in fact she was entitled to take up to 12 weeks of job-protected leave under the FMLA for her own medical condition, a condition which was so severe it required surgery.

22.     Plaintiff Valesky underwent surgery on July 23, 2019.

23.     Notwithstanding the above, Defendants required Plaintiff Valesky to perform work during her medical leave of absence. By way of example only:

a.      On July 23, 2019, Defendant Prime EFS employees Connor Hayes and Kherri Gomez directed employees to contact Plaintiff regarding work related questions and Kathleen Christ specifically requested Plaintiff respond to emails.

b.      On the evening of July 23, 2019, Defendant Mazzola contacted Plaintiff to discuss work related issues.

c.      On July 23, 2019, Plaintiff Valesky Defendant EFS employees Kherri Gomez, Melanie Cervino and Connor Hayes, as well as Defendant Frank Mazzola, that an EFS driver had sent Plaintiff Valesky a threatening email regarding his pay.

d.      On or about July 24, 2019 Defendant Mazzola and Defendant Prime EFS, LLC employees Connor Hayes and Kherri Gomez called Plaintiff Valesky and informed her she was required to physically report to work in just one (1) weeks time. She was also directed to perform work during the first week of her convalescence.

e.      On July 25, 2019 and July 26, 2019 Plaintiff Valesky was required to answer payroll questions from Defendant EFS employees because Defendant EFS employee, Kherri Gomez, instructed drivers to contact Plaintiff, despite the fact that Plaintiff was on a medical leave of absence.

   f. From July 28, 2019 through July 31, 2019 Plaintiff Valesky was instructed by Defendant Prime EFS employee, BJ Lewis, to do hiring and answer emails through indeed.

   g. on July 29, 2019 Defendant Mazzola instructed Plaintiff Valesky to run background checks and schedule interviews for prospective new hires.

   h. On July 30, 2019 Plaintiff Valesky was instructed by Defendant Mazzola to schedule interviews for DEW2 (Elizabeth NJ) with Alison Zeno.

24. On July 28, 2019 Plaintiff Valesky notified Defendant Prime EFS employee Connor Hayes that she was not well and had been instructed to return to the hospital if her condition worsened. In fact, Plaintiff returned to the hospital the next day for evaluation. Notwithstanding, and as detailed above, Defendants continued to require Plaintiff Valesky perform work.

25. On or about July 30, 2019 Plaintiff Valesky was forced to report to work out of fear of being terminated despite not having received clearance from her physician to return to work. At this time, Plaintiff Valesky was still in a neck brace and had limited range of motion in her cervical spine.

26. Thereafter, Plaintiff Valesky continued to perform work for Defendants, despite not being cleared to return to work from her physician, out of fear of losing her job.

27. Notwithstanding the Defendants' agreement to provide her with two (2) week paid leave, she never received a leave of absence as she was required to continue to work during this time.

28.     On August 13, 2019 Defendants contacted Plaintiff and directed her to report to the Carlstadt, New Jersey Office the next day, despite the fact that Plaintiff Valesky still had not been cleared by her physician.

29.     On August 13, 2019 Plaintiff Valesky again informed Defendants she had not yet been cleared to drive by her physician and was still recuperating from her surgery yet Defendants insisted she report to the Carlstadt office the next day.

30.     Plaintiff Valesky appeared at Defendants' offices in Carlstadt, New Jersey on August 14, 2019 and was terminated. After almost two years of employment and no prior disciplinary record, the stated reason for her employment was it was "not working out".

31.     Prior to Plaintiff Valesky's surgery, none of her supervisors criticized her work product or performance.

32.     Plaintiff Valesky specifically notified Defendants that she was in a neck brace, had limited range of motion in her cervical spine, was not cleared to drive and in fact had not received clearance from her physician to return to work on any level.

33.     At all times relevant herein, Plaintiff Valesky was qualified to perform her job duties with or without a reasonable accommodation.

34.     At no time did Defendants or any of its employees suggest any type of reasonable accommodation such as, inter alia, a modified work schedule or providing additional time off due to Plaintiff Valesky's medical condition.

35.    Although Plaintiff was eligible for a protected leave of absence under FMLA, Defendants interfered with her rights to this leave and denied Plaintiff an FMLA job protected leave of absence.

36.    Defendants allegedly terminated Plaintiff because it "was not working out". However, Defendants' reason for terminating Plaintiff Valesky was pretext for discrimination.

## COUNT ONE
**Interference in Violation of the Family and Medical Leave Act**
**29 U.S.C. 2615(a)(1)**

37.    Plaintiff Valesky repeats and realleges paragraphs 1 through 34 hereof, as if fully set forth herein.

38.    Defendant Prime EFS, LLC is an employer covered by the FMLA pursuant to 29 U.S.C. §2601 *et seq*. because it is a private business that employed fifty or more employees for each working day for at least twenty workweeks in the year prior to Plaintiff Valesky's leave.

39.    Plaintiff Valesky is an FMLA-eligible employee because she was employed by Defendant Prime EFS, LLC for nearly twenty months, over a year and a half, prior to requesting FMLA leave and had been employed by Defendant Prime EFS, LLC for over 1,250 hours in the twelve-month period prior to her request.

40.    Plaintiff Valesky was entitled to FMLA leave because of her own medical condition, a condition which necessitated she undergo spinal surgery.

41.     In accordance with the FMLA, on or about May 13, 2019 and again during the week of June 3, 2019, Plaintiff Valesky notified Defendants that she would need to take leave starting on July 23, 2019.

42.     Defendants engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying Plaintiff Valesky's rights provided under the Act.

43.     Defendants refused to provide Plaintiff Valesky a benefit to which she is entitled under the FMLA in that it refused to allow Plaintiff Valesky to use the full amount of FMLA leave available to her.

44.     Defendants further discouraged Plaintiff Valesky from using any FMLA leave by explicitly stating she did not need FMLA, demanding she perform work during her period of convalescence, and refusing to provide her the FMLA paperwork which would have provided her with job protection during the period of her medical condition.

45.     Defendants action foreclosed Plaintiff Valesky's rights under the FMLA, including but not limited to the right to a leave of absence from work to recover from her medical condition, be returned to her position and to be free from harassment for attempting to exercising her rights under the law.

46.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff Valesky has suffered and continues to suffer substantial losses, including medical expenses,  past and future lost wages and benefits. Plaintiff is

also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## COUNT TWO
### New Jersey Law Against Discrimination

47.     Plaintiff Valesky repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

48.     Plaintiff Valesky suffered from a cervical spine injury necessitating surgery which constitutes a "disability" as that term is defined by the New Jersey Law Against Discrimination ("NJLAD").

49.     Defendants were aware of Plaintiff Valesky's disability and failed to engage in an "interactive process" to determine whether a reasonable accommodation exists that would permit Plaintiff Valesky to perform the essential functions of her job.

50.     Plaintiff Valesky's disability was a determinative and a motivating factor in Defendants' decision to terminate Plaintiff Valesky's employment and Defendants committed an additional violation of the NJLAD.

51.     Defendants' conduct was egregious, willful and wanton and in reckless disregard of Plaintiff Valesky's rights, and involved the participation of Defendants' upper management, thereby warranting an award of punitive damages.

52.     In taking actions that Defendants knew were a breach of Defendants' duty under the NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of their employer, Defendant Mazzola is individually liable under the NJLAD.

53.     As a result of Defendants' unlawful conduct, Plaintiff Valesky suffered economic damages including loss of income and benefits and also suffered emotional distress.

54.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff Valesky demands judgment be entered against Defendants awarding Plaintiff Valesky compensatory damages, inclusive of front and back pay, emotional distress damages, punitive damages, reasonable attorney's fees and expenses pursuant to N.J.S.A. 10:5-27.1 and any other relief the Court deems proper and just.

### COUNT THREE
**Wrongful Discharge in Violation of the New Jersey Law
Against Discrimination**

55.     Plaintiff Valesky repeats and realleges paragraphs 1 through 52 hereof, as if fully set forth herein.

56.     Plaintiff Valesky belongs to a class protected under the NJLAD by virtue of her physical disability.

57.     Defendants are "employers" within the meaning of the NJLAD, N.J.S.A. 10:5-5(e), and as such was prohibited from discriminating in employment on the basis of disability.

58.     At all times pertinent to this lawsuit, the Plaintiff Valesky was an "employee," N.J.S.A. 10:5-5(f), as defined under the NJLAD.

59.     Defendants participated in unlawful employment practices when they discriminated against the Plaintiff in terms, conditions, and privileges of

employment due to her disability when Defendants refused to provide Plaintiff Valesky a reasonable accommodation and terminated Plaintiff Valesky.

60.    Plaintiff Valesky is entitled to compensatory and punitive damages, as well as attorney's fees and costs resulting from violations of the NJLAD.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands  judgment on all counts for:

A. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

B.    Award Plaintiff liquidate damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

C.    Award Plaintiff front pay (including benefits);

D.    Award to Plaintiff emotional distress damages;

E.    Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F.    Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND PURSUANT TO FED.R.CIV.P. 38(b)

Plaintiff demands trial by jury on all issues so triable.


Dated: April 20, 2020

*Deena B. Rosendahl*
_____
DEENA B. ROSENDAHL, ESQ.